```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| DWUAN HAMMOND, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-2855-SHM-tmp |
| | ) | |
| SYSCO CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

Before the court by order of reference is defendant Sysco Corp.'s Motion to Compel, filed on January 22, 2021. (ECF Nos. 21, 22.) For the reasons below, Sysco's motion is GRANTED.

## I.  BACKGROUND

Discovery in the instant employment discrimination lawsuit is ongoing. Defendant Sysco Corp. ("Sysco") served its first set of written discovery requests on plaintiff Dwuan Hammond on November 12, 2020. (ECF No. 21 at 1.) Accordingly, the deadline for Hammond to serve his discovery responses was December 14, 2020. (ECF No. 21 at 1.) When Sysco had not received any discovery responses from Hammond by January 8, 2021, counsel for Sysco sent an email to counsel for Hammond requesting that Hammond serve his responses by January 15, 2021. (ECF No. 21-2.) Counsel for Hammond replied that same day and stated that he was working on compiling the responses.

(ECF No. 21-2.) However, on January 15, 2021, via email, counsel for Hammond informed Sysco that he would "hopefully be getting the answers to [Sysco's] discovery requests to [Sysco] shortly" and to apologize for the delay.[1] (ECF No. 21-3.) Sysco filed the motion that is currently before the court when it had still not received any responses to its discovery requests a week later. (ECF No. 21-1.)

Hammond responded to the Motion to Compel on February 8, 2021. (ECF No. 23.) In his response, counsel for Hammond indicated that the responses were delayed because of various health issues. (ECF No. 23.) The response stated that Hammond would be producing his responses to Sysco's Interrogatories on February 8, 2021, and to Sysco's Requests for Production on February 11, 2021. (ECF No. 23.) Sysco received Hammond's interrogatory responses on February 8, 2021, and Hammond's responses to the Requests for Production on February 12, 2021. (ECF No. 26.)

According to Sysco, however, Hammond's discovery responses were incomplete and deficient. (ECF No. 26.) Moreover, Hammond provided two sets of responses to Sysco's Requests for Production, and Sysco argues that the two responses contained internal inconsistencies. (ECF No. 26.) On February 16, 2021, counsel for Sysco emailed counsel for Hammond identifying the alleged

---

[1] Attached to this email was Hammond's first set of discovery requests.

deficiencies and requesting supplemental discovery responses by February 19, 2021. (ECF No. 26.) When it did not receive any supplemental responses by February 24, 2021, Sysco, with leave of court, filed a reply in support of its motion, requesting that this court compel Hammond to produce supplemental responses for Interrogatories 1, 4, 7, and 9, and for Requests for Production 2, 4, 7, 15, 17, 26, 35, 36, 37, 41, 42, and 43. (ECF No. 26 at 1-2.)

## II.  ANALYSIS

### A.  Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are

relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Parties have a duty to "make a reasonable effort to answer interrogatories, including reviewing information available to them." Malone v. City of Memphis, No. 18-2201-MSN-tmp, 2020 WL 465036, at *3 (W.D. Tenn. Jan. 28, 2020). If a party fails to respond to an interrogatory under Rule 33 or a request for production under Rule 34, or does so deficiently, and the parties have conferred in a good faith attempt to resolve the dispute, a party may file a motion to compel discovery.[2] Fed. R. Civ P. 37(a)(1), (3)(B)(iii)-(iv).

**B.   Hammond's Discovery Responses**

---

[2] Hammond did not include any objections in his discovery responses, and because he did not do so, any objections are deemed waived. Comer v. Shrum, No. 4:18-cv-00058, 2019 WL 7288153, 2019 WL 7288153, at *4 (E.D. Tenn. Sept. 27, 2019) ("Generally, 'when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.'") (quoting Greene v. Cracker Barrel Old Country Store, Inc., No. CIV 09-2110-A/P, 2009 WL 1885641, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009)).

Upon review of Hammond's discovery responses, the court finds that his responses are insufficient and incomplete. By way of example, Hammond left blank his response to Interrogatory No. 7, which requested "all email addresses [Hammond has] had in the past three (3) years, and identify the one(s) that is/are [his] primary addresses." (ECF Nos. 26 at 3; 26-1 at 4.) Similarly, the exhibits referenced in his responses to Requests for Production 2, 4, 35, 36, 41, 42, and 43, were not attached to his document production. (ECF Nos. 26 at 4-7; 26-2 at 2-6; 26-3 at 2-7.) These responses are clearly deficient and must be supplemented.

When Hammond did provide responses to the discovery requests, his responses were often incomplete or not wholly responsive. One such example is Interrogatory No. 1, which requested "[a]ny and all sources of income or earnings from three (3) years prior to filing the Amended Complaint in this matter through the present, from any job or other source . . . , and specify the amount of such income and identify any document relating to or executed in connection with each such payment." (ECF No. 26-1 at 1.) In response, Hammond stated only that "[i]n my current employment at Reeves Law Firm I receive $200,000.00 in annual salary. I also receive rental income from my investment properties; however I have had a Net Income of zero to negative for the last 4 years." (ECF No. 26-1 at 1.) This response does not provide any of the requested information about his "investment properties" or any of

- 5 -

the requested information beyond his salary for his current job at the Reeves Law Firm.[3] Likewise, in response to Request for Production 26, which sought documents supporting Hammond's allegation in Paragraph 18 of the Amended Complaint that he was denied a promotion that was awarded to a less qualified Caucasian employee and that the parties to this lawsuit entered into an agreement to toll the statute of limitations, Hammond simply stated "See Exhibit 4." (ECF no. 26-3 at 4.) According to Sysco, Exhibit 4 is a signed authorization form, and thus does not appear to be responsive to Sysco's request. (ECF No. 26 at 6.)

Additionally, the court notes that Hammond provided two sets of responses to Sysco's Requests for Production that are inconsistent. For example, in response to Requests for Production 17 and 37, Hammond represented in one set of responses that no responsive documents existed and in the other set he represented that the responsive documents were contained in an exhibit. (ECF Nos. 26 at 7; 26-2 at 3-5; 26-3 at 3, 5-6.) As for Requests for Production 35 and 36, Hammond represented in one set of responses that Exhibit 1 was responsive while in the other set he represented

---

[3]Additionally, the response appears to omit at least some of his sources of income over the past three years, as Hammond states in his Amended Complaint that he was an employee for Sysco as recently as August 2020. (ECF No. 18 at 5.)

that Exhibit 5 was responsive.[4] (ECF Nos. 26-2 at 4; 26-3 at 5.) Because it is unclear which set of responses Hammond intended to be his actual responses, the court orders that Hammond produce a single set of full and complete responses to Sysco's Requests for Production.

### III. CONCLUSION

For the reasons above, Sysco's Motion to Compel is GRANTED. In accordance with this order, Hammond has fourteen (14) days from the entry of this order to provide complete responses to Sysco's Interrogatories and a single set of full and complete responses to Sysco's Requests for Production. The court will address Sysco's request for attorney's fees related to the filing of this motion by separate order.

IT IS SO ORDERED.

/s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 16, 2021
Date

---

[4]Likewise, in response to Requests for Production 42 and 43, Hammond represented in one set of responses that responsive documents could be found in Exhibit 6 while in the other set he represented that responsive documents could be found in Exhibit 4. (ECF Nos. 26-2 at 6; 26-3 at 7.)