```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| DWUAN HAMMOND,           ) | |
| )| |
| Plaintiff,           ) | |
| )| |
| v.                       ) | No. 19-cv-2855-SHM-tmp |
| )| |
| SYSCO CORPORATION,       ) | |
| )| |
| Defendant.           ) | |
| )| |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

Before the court by order of reference is plaintiff Dwuan Hammond's Motion to Compel, filed on March 30, 2021. (ECF Nos. 34, 35.) For the reasons below, Hammond's motion is GRANTED in part and DENIED in part.

### I.   BACKGROUND

Plaintiff Dwuan Hammond's lawsuit alleges that defendant Sysco Corporation ("Sysco") violated 42 U.S.C. § 1981 by first disciplining him and threatening him with termination, then denying him various promotions, and then ultimately terminating his employment because of his race. Because many of the allegations in Hammond's amended complaint are not germane to the present motion, the court will briefly summarize the facts that will be helpful in understanding Hammond's motion to compel. Hammond was employed by Sysco in a variety of positions for over twenty years.

(ECF No. 18 at 2.) His final position with Sysco was "Director of Revenue Management South Market" in Memphis, which he held from February 2016 until August 14, 2020.[1] (ECF No. 18 at 2.) According to Hammond, however, his career trajectory ran into a "'glass ceiling' that . . . prevented him and other qualified black employees from being selected for CFO or President positions at the company." (ECF No. 18 at 3.)

As a result, Hammond's amended complaint lists several promotions that he believes he deserved but were instead awarded to less qualified Caucasian employees. First, Hammond alleges that in September of 2015 he was denied a promotion to be the Market VP/CFO for the Northeast. (ECF No. 18 at 4.) In a declaration attached to his motion to compel, Hammond states that he went through an interview process that lasted several months only for the position to be awarded to a less qualified Caucasian candidate. (ECF No. 34-3 at 1.) Next, in January of 2017, Hammond alleges that he was denied a promotion to be the "President of Memphis Market." (ECF No. 18 at 4.) According to Hammond, the outgoing president, Peter Scatamacchia, recommended that Hammond replace him. (ECF No. 18 at 4.) In his declaration, Hammond states that the position was never formally posted, but that he sent an email to Greg Bertrand and Ken Jaycox, both of whom are executives for

---

[1] Prior to this, Hammond held the same position in Grand Rapids, Michigan, for seven and a half years. (ECF No. 18 at 2.)

Sysco, requesting that he be considered for all president positions in the South and Southeast markets. (ECF No. 34-2 at 1.) Additionally, he states that he expressed his interest in this specific position to Bertrand, Midwest Market President Tom Barnes, and South Market President David DeVane. (ECF No. 34-3 at 1-2.)

Next, in May or June of 2017, Hammond alleges that he was denied a promotion to a "Market VP/CFO South" position in favor of a less qualified Caucasian employee. (ECF No. 18 at 4.) In his declaration, Hammond states that he needed approval from his market leadership to apply for any Market VP/CFO positions. (ECF No. 34-3 at 2.) When he sought approval to apply for the open positions, his market leadership allegedly denied his requests because "the selection for the roles was already predetermined and the postings were a formality." (ECF No. 34-3 at 2.) Although he could still technically apply for the positions without approval from leadership, Hammond states that a hiring manager for Sysco informed him that his application would not be considered. (ECF No. 34-3 at 2.) A few months later, between July and November of 2017, Hammond alleges that he applied for a number of corporate positions in the finance department. (ECF No. 18 at 4.) Hammond alleges that he was only invited to interview for one of the corporate positions. (ECF No. 18 at 4.) In his declaration, Hammond states that the same market leadership approval process was required to apply for

corporate positions and he was denied approval to apply for any lateral positions, though he also states that Jim Amos and Corporate CFO Joel Grade tried to recruit him to the finance department in a lesser role, which he declined. (ECF No. 34-3 at 2.) Finally, Hammond alleges that he was denied promotions for several Market VP/CFO positions in January of 2018 and for the Market VP/CFO position for the Midwest market in March of 2019. (ECF No. 18 at 5.)

Hammond served his first set of written discovery requests on January 15, 2021. (ECF No. 34-1 at 1.) Included in his interrogatories and requests for production were several requests that sought information about the promotions that he was allegedly denied by Sysco, namely Interrogatory 3 and Requests for Productions 6, 7, 9, 14, and 20. (ECF No. 34-1 at 6.) Sysco responded to Hammond's requests on February 16, 2021. (ECF No. 34-1 at 2.) However, Sysco declined to provide any information about Hammond's candidacy or the job application process for the President of the Memphis market position, for the Market VP/CFO South position, and for any Market VP/CFO opening in January of 2018 because Hammond had not actually applied or competed for any of the aforementioned positions. (ECF Nos. 34-1 at 4-5; 34-2 at 8, 15-18.)

Counsel for Hammond sent Sysco a letter outlining several alleged deficiencies in its discovery responses on March 22, 2021.

- 4 -

(ECF No. 34-1 at 2.) Sysco responded to the letter on March 30, 2021. (ECF No. 34-1 at 2.) When the parties were unable to fully resolve the discovery disputes, Hammond filed the present motion, arguing that documents regarding all of the promotion opportunities alleged in Hammond's amended complaint are relevant and proportional to the needs of this case. (ECF No. 34-1.) Sysco responded on April 13, 2021, disputing that any documents or information about Hammond's candidacy for the President of the Memphis market position, for the Market VP/CFO South position, and for any Market VP/CFO position in January of 2018 are relevant because he did not apply for those positions. (ECF No. 36.)

## II.  ANALYSIS

### A.  Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL

- 5 -

1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Parties have a duty to "make a reasonable effort to answer interrogatories, including reviewing information available to them." Malone v. City of Memphis, No. 18-2201-MSN-tmp, 2020 WL 465036, at *3 (W.D. Tenn. Jan. 28, 2020). If a party fails to respond to an interrogatory under Rule 33 or a request for production under Rule 34, or does so deficiently, and the parties have conferred in a good faith attempt to resolve the dispute, a party may file a motion to compel discovery. Fed. R. Civ P. 37(a)(1), (3)(B)(iii)-(iv).

**B.   The Motion to Compel**

Resolving the instant motion requires establishing boundaries on the proper scope of discovery in this case. At issue are Sysco's responses to the following discovery requests:

>   INTERROGATORY NO. 3: Identify the individual or individuals who made the decision to select the Caucasian applicant instead of the Plaintiff for each position he alleges in paragraphs 18 through 23 in his Complaint he was denied selection to because of his race.
>
>   REQUEST NO. 6: Please provide the personnel file, including all records indicating salary, bonuses and benefits received, and race, if not in the personnel file, of the person selected to the position President of the Memphis market previously held by Peter Scatamacchia in January 2017.
>
>   REQUEST NO. 7: Please provide the personnel file, including all records indicating salary, bonuses and benefits received, and race, if not in the personnel file, of the person selected to the position of Market VP/CFO South that Plaintiff competed for in May or June 2017.
>
>   REQUEST NO. 9: Please provide the personnel file, including all records indicating salary, bonuses and benefits received, as well as the race, if not in the personnel file, of any person selected to each market VP/CFO position that Plaintiff competed for in January 2018.
>
>   REQUEST NO. 14: Please provide a copy of the job announcements posted for each and every job the Plaintiff competed for between September 2015 to March 2019 identified in paragraphs 18 through 23 of his Complaint.
>
>   REQUEST NO. 20: Please review paragraph 3 of your affirmative defense and provide any documents that support your affirmative defense.

(ECF No. 34-2 at 8, 14-17, 19.) In its responses to the above requests, Sysco declined to provide any information for the President of the Memphis market position, for the Market VP/CFO South position, and for any Market VP/CFO position open in January of 2018 because Hammond did not actually apply for the positions.[2]

---

[2] Sysco did not object to providing complete responses for the positions that it does not dispute Hammond applied for, such as

Sysco is correct in arguing that the *prima facie* elements for a failure to hire or promote claim under 42 U.S.C. § 1981 require a showing that the plaintiff "applied for, and did not receive, a job."[3] Anthony v. BTR Auto. Sealing Sys., Inc., 339 F.3d 506, 515 (6th Cir. 2003) (citing Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1166 (6th Cir. 1996)); see also Thompson v. UHHS Richmond Heights Hosp., Inc., 372 F. App'x 620, 624 n.1 (6th Cir. 2010) ("We cannot . . . construe [plaintiff's] claim as a 'failure to hire' or 'failure to promote' [claim] because she did not . . . apply for the new position."). However, this requirement is not absolute, as "there are multiple exceptions to this general rule." Goree v. United Parcel Serv., Inc., No. 14-cv-02505-SHL-tmp, 2015 WL 11120570, at *1 (W.D. Tenn. May 27, 2015). For instance, the Sixth Circuit recognizes that a formal application is not necessary for a failure to promote claim where "the employer does not notify its employees of the available promotion or does not provide a formal mechanism for expressing interest in the promotion." Dews v. A.B. Dick Co., 231 F.3d 1016, 1022 (6th Cir. 2000). "In this circumstance, a plaintiff must show that he would have applied for

---

the Market VP/CFO position for the Northeast region in 2015, the Market VP Field Deployment position in 2017, and the Market VP/CFO position for the Midwest region in 2018. (ECF No. 34-1 at 4.)

[3]The remaining *prima facie* elements are that the plaintiff is a member of a protected class, that the plaintiff was qualified for the promotion, and that a similarly situated but non-protected employee received the promotion. Anthony, 339 F.3d at 515.

the position had he been aware of it." Allen v. Deerfield Mfg. Inc., 424 F. Supp. 2d 987, 994 (S.D. Ohio 2006). Additionally, the actual application requirement may be excused "where the circumstances . . . reveal 'overwhelming evidence of pervasive discrimination in all aspects of [the employer's] internal employment practices, and [that] . . . any application would have been futile and perhaps foolhardy.'" Bacon v. Honda of Am. Mfg., Inc., 370 F.3d 565, 576 (6th Cir. 2004) (quoting Harless v. Duck, 619 F.2d 611, 617–18 (6th Cir. 1980)); see also Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 365-69 (1977).

Although it is "not always easy" to show that the actual application requirement should be waived in a given case, the court finds that discovery into the promotions that Hammond did not formally apply for should not be foreclosed at this early stage of the litigation. Tartt v. Wilson Cty., 982 F. Supp. 2d 810, 821 (E.D. Tenn. 2013) (quoting Int'l Brotherhood of Teamsters, 431 U.S. at 368); see E.E.O.C. v. Ohiohealth Corp., No. 2:13-cv-780, 2014 WL 6679038, at *3 (S.D. Ohio Oct. 20, 2014) (granting a motion to compel because "[i]t would . . . be improper . . . to find that defendant has a non-discriminatory transfer policy or that plaintiff failed to comply with that policy" and reasoning that "to limit discovery on either basis would be improper"). To be sure, Hammond must show more than just that he was interested in the positions or that he believed he deserved them in order to be

successful on his claims. Coburn v. Cargill, Inc., No. 09-2844-JPM-dkv, 2012 WL 6607287, at *9 (W.D. Tenn. Dec. 18, 2012) (citing Wanger v. G.A. Gray Co., 872 F.2d 142, 146 (6th Cir. 1989)); see also Cooper v. Williamson Cty. Bd. of Educ., 587 F. Supp. 1082, 1094 (M.D. Tenn. 1993) (rejecting a plaintiff's argument that the futility exception applied for job vacancies that he did not apply for because, "[i]nasmuch as plaintiff applied for some openings[] but not others (including the positions plaintiff seeks to bring before the Court at this time)[,] it does not appear that plaintiff believed all applications were a futile gesture"). However, the question of whether or not an exception to the general rule is applicable is not currently before the court. Rather, the court is tasked with deciding whether the positions that Hammond believes he was in contention for, but did not actually apply for, are relevant to Hammond's claims and are thus within the scope of Federal Rule of Civil Procedure 26(b)(1).

In his amended complaint, Hammond alleges that his market leadership denied him the opportunity to apply for the various Market VP/CFO positions because "the postings were a formality and the candidates had already been chosen before the role[s were] posted." (ECF No. 34-2 at 2.) Similarly, he alleges that he was overlooked for the President of Memphis position despite having a personal recommendation from the outgoing president and after having expressed his interest in the position to multiple

executives on several occasions. (ECF No. 34-2 at 2.) At this stage in the litigation, the possibility remains that Hammond can satisfy an exception to the actual application requirement. See Goree, 2015 WL 11120570, at *1 (citing Hall v. Mich. State Police Dep't, 290 F. App'x 913, 918 (6th Cir. 2008)) (denying a motion for judgment on the pleadings because the plaintiff alleged that the defendant "had an explicit policy against promoting anyone who sued the company" and, if true, "a reasonable jury could conclude that the environment at [defendant-employer] was so pervasively discriminatory that it would have been futile for [plaintiff] to apply for a promotion"). Therefore, the court finds that the promotions at issue are relevant to Hammond's claims.

Additionally, the court notes that Sysco has not argued that providing discovery for the President of Memphis position or the Market VP/CFO of the South region would be unduly burdensome, cost prohibitive, or disproportionate to the needs of the case for any other reason. Indeed, Sysco has produced (or represented that it will produce) similar documents for several positions that Hammond did formally apply for, such as a Market VP/CFO position for the Northeast region in 2015, a Market VP Field Development position in 2017, and a Market VP/CFO position for the Midwest region in late 2018. Because the alleged promotion opportunities are relevant to Hammond's claims and proportionality is not contested, the court finds that the requested information regarding the

President of the Memphis market position and the Market VP/CFO of the South region position is within the scope of discovery.

However, regarding the unspecified Market VP/CFO positions that Hammond was allegedly denied in January of 2018, Sysco argues that it "should not be required to go to the time and expense of identifying, investigating, and producing discovery responses for each and every position of which [Hammond] could have applied, but which [Hammond] either cannot or will not identify himself." (ECF No. 36 at 6.) The court agrees. Unlike the other two positions at issue in this motion, in addition to his failing to apply for any Market VP/CFO positions in January of 2018, Hammond also failed to identify in his amended complaint which positions he believes he was wrongfully denied. Instead, he provided Sysco with only a generic job title and an assertion that, during the month of January 2018, he was "denied consideration and promotion to a number of Market VP/CFO positions."[4] (ECF No. 18 at 5.) This is insufficient to provide notice to Sysco as to which positions Hammond is referring to and it would be an undue burden for Sysco to be required to investigate every position that Hammond could have applied for in a given month. As a result, the court finds that discovery into the unspecified Market VP/CFO positions in January of 2018 is not proportional to the needs of the case.

---

[4]This is distinct from the other Market VP/CFO positions mentioned in the amended complaint, which are identified by specific regions.

### III. CONCLUSION

For the reasons above, Hammond's Motion to Compel is GRANTED in part and DENIED in part. Accordingly, Sysco must supplement its responses to Interrogatory 3 and Requests for Productions 6, 7, 9, 14, and 20 within fourteen (14) days of this order with responsive information for the President of the Memphis market position and the Market VP/CFO of the South region position. However, to the extent that Hammond is seeking discovery related to the unspecified Market VP/CFO promotion opportunities in January of 2018, the court finds that Hammond's request is not proportional to the needs of the case and the motion is DENIED.

IT IS SO ORDERED.

/s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 23, 2021
Date